Good morning, Your Honors. Carolyn Phillips appearing on behalf of Paul Hurth, who is the appellant and petitioner in this matter. There are two certified issues before this Court. One having to do with whether or not Mr. Hurth is entitled to statutory tolling, GAP tolling. And the second, whether or not the state court improperly found that the jury, during deliberations, received extraneous information having to do with the definitions of voluntary and involuntary manslaughter. And I'm just going to address those in that order, unless the Court has any other preference. But in terms of timeliness, the district court determined that a 70-day gap between the decision of a California appellate court denial and filing the petition in the California Supreme Court was untimely, denying Mr. Hurth any tolling in that matter, which would make his federal habeas petition late. We filed a Rule 28J letter citing to LERMA, which is a recent district court decision, February 1, 2013, out of the Northern District. There are not too many cases that have actually been published on this issue defining what is reasonable, what isn't reasonable. In this particular case, while it's dealing with a habeas petition on a parole denial. Well, let's see. Velazquez is one of our cases, and that is published, correct? I cannot hear you. Velazquez was published, and that is one of our cases, correct? The other cases that I'm aware of that were ---- We're talking about Velazquez v. Kirkland, a Ninth Circuit case. Did I cite ---- Well, let me put it this way. Yes. In that case, among other things, the court said, okay, this guy was represented by counsel at every stage of the California proceedings. That's true here, right? He was filing his ---- At every stage of the proceedings. At the California proceedings, he was represented by counsel. Yes, he was. And at every ---- At every stage of the California proceedings, he was represented by counsel. Yes. True? Okay. Also, his habeas petition to the California Supreme Court in Velazquez was essentially identical to the one he had filed with the California Court of Appeals. That's true here. That is true. Okay. In that case, he was represented by counsel at every stage of the proceedings. That's true here. Also, he's never given any reason why there was a 70-day delay. In that case, it was, I think, an 80-day delay. But he's never given a reason here for a 70-day delay. That's true. That is true. Okay. Now, it distinguishes itself from Velazquez, I take it, because of the 10-day difference. Is that your point? I didn't hear you. Excuse me? I didn't hear your question. Distinguishes itself. This case is distinguished from Velazquez because of the slightly less amount of time. I think Velazquez was 80 days, and this is 70 days. Seventy days. Is that your point? Well, I think there, as I pointed out in the opening brief here, that the district courts have been from one end to the other on this issue of what is and what is not an unreasonable delay. I understand. But I'm talking about our case. And what I'm really asking you is can you distinguish this case from Velazquez's between, I think, 80 days and 70 days. I think it was 80 and 70. Can you distinguish that? Certainly. I mean, under Chavez, the Supreme Court in that case said, okay, six months is too long. 30 to 60 days typically is what state courts allow for filings. This case was filed 70 days. I think the difference is that it's not that far off from 30 to 60 days. It's less than 80 days. And it seems to be that seems to be the distinguishing feature in most cases that are before the district courts is how much time has passed, whether or not it can be considered reasonable or unreasonable. I think the other matter here is that neither of the state court decisions on the merits raise this question about whether or not this is an untimely petition. So we have the Superior Court renders a decision on the merits. The Fifth District Court of Appeals issues a decision on the merits. The Supreme Court issues a summary denial but doesn't refer to any of the cases that generally trigger the question of whether or not the denial was based on timeliness. But in this particular instance, the court is right. There wasn't any particularly great changes between the petitions. However, the way the law seems to stand now in this district, the question is whether or not that 70-day gap is unreasonable. When you said district, you meant the northern district? No, I think you mean the circuit. You mean the circuit. In the Ninth Circuit, the law as I understand it is that whether or not the gap is unreasonable. And what we have is our guiding light, and this is Chavez v. Eddins. The Ninth Circuit case of Velazquez, which I believe I did cite on page 20 of my brief, talks about an 81-to-91-day gap. I mean, obviously that's the case. Yes, I understand. That's what I'm saying. Trying to go over with you and asking you to give it a meaningful distinction. Right. And I apologize because I couldn't hear. The only meaningful distinction would have to be 10 days, right? Yes. I mean, obviously, we have a 70- But that has to be your answer, that there's a difference between 70 days and 80 days. Yes. If it's 70 days, it's not 81 days. 70 days is closer to 60 days. 70 days is closer to the other days that have been found by this district, and the Ninth Circuit obviously is being reasonable. I mean, do we ultimately just somehow arbitrarily say 70 days is okay? I mean, at some point, there has to be a line between an okay amount and a non-okay amount of time, you know, where everything else is equal. So is it 70 versus 71, 71 versus 72? What is it? Where do we get it from? Absolutely. And I think that this Court and this the Federal courts have been asking the State courts to develop some sort of guidance in this, and they haven't done it yet. So what do we do? Well, I think in this instance, it's clear that Mr. Hurth and his attorney who was filing these petitions was very diligent in doing so. I mean, they've proceeded. Next week somebody comes in and it's 72 days. Well, then what do we do? Well, I think that's been going on since this issue even arose with Evans v. Chavez where the guidance was 6 months. Well, it's 6 months. You know, 30 to 60 days. Well, what's close to 60 days? The answer is in deciding whether it's reasonable, you look at the rest. You look at things like did he have to do something really magic between the court of appeals and the Supreme Court? No. He just filed the same old piece of paper. You ask things like was he represented by counsel? Is this poor guy pro se and he can't figure out what to do? The answer is, yes, he was represented by counsel. Those are a couple of things that can play into reasonableness. What else plays into reasonableness in this case? I mean, I understand. I also understand that this Court, the Ninth Circuit, has been battling, trying to figure this out, what is reasonable, what is unreasonable. I mean, at this point it seems to me there are sufficient cases that have been published out of the district court, including Velazquez out of the Ninth Circuit, that indicate that 70 days is not unreasonable. The further point that I made in my brief is this, that I don't know why the rule 6 doesn't apply here. So when the court renders a decision, the state court renders a decision on a habeas appeal or a habeas petition, and then that first day doesn't count. You start counting from the second day forward. Well, if that's true, then we're actually talking about 60, 90 days, not 70 days. And maybe that makes it easier for this Court to find that it was reasonable rather than unreasonable. But it certainly seems to me that the way the law exists at this point in time, 70 days is much less than 6 months. 70 days is not that far greater than 60 days. I don't think that the law is at this point that there has to be some sort of extra effort or some explanation every time a petitioner files a petition that's greater than 60 days. I don't think that's the rule of this jurisdiction as yet. And in that case, I think the district court in Mr. Hurth's situation went beyond itself and reached a conclusion that is not supported by the laws that currently exist. And without any guidance from the California courts, this court in this jurisdiction is going to be battling, determining, trying to determine that issue. But as for now, this 70-day delay should not preclude Mr. Hurth from proceeding on the merits of his case. Thank you, counsel. You have your time. Thank you. Good morning, Your Honors, and may it please the Court. This claim is barred because the record remains that the delay is still unexplained. And secondly, even if we were to reach the merit, the State court's determination is entitled to deference. Determination as to what? As to that there was no sufficient evidence for misconduct. I see. Okay. Are there no Cal – are there any California court of appeal published decisions that address reasonableness in this context? Not that we have found, Your Honor, because these cases in particular were a pre-Chavez case, and since Chavez, the United States Supreme Court has informed the higher courts, like the court of appeals here, to look to see what the State court would have done. No, but I mean, how about the California courts? Have they published anything at all? Not that I could cite for the Court. However, what I could cite for the Court, Your Honor, is that the Supreme Court in Chavez had made it clear that in California, 30- to 60-day timeframe is the benchmark. Well, it's not really what it said. All it said was, you know, that's what most states do, and six months is too much, and somewhere in the middle there is the answer. Now, we've tried certifying this to the California Supreme Court, I understand, and that didn't work. Right? Certifying the question of how we tell what's reasonable. Yes, but not this particular case. I understand that. Okay. But there's no reason to think. It's just obviously a major frustration that we're spending our time doing this when, I mean, there's every indication. I mean, as a wild guess, California probably didn't think it was too late, because when they do think it's too late, they have little tag words they put in, or at least not enough to bother them. Yet we're still sitting here trying to figure out what California would do, even though we sort of know what California did. We do have guidance, Your Honor, from the United States Supreme Court. And I think these cases — But isn't it true that the California Supreme Court, when they're denying something as late, cites certain cases? That's true. They would cite Clark and — Right. So the best guess, frankly, is that they didn't treat it as too late, but the Supreme Court nonetheless has told us that we're supposed to — that we can't rely on those citations. That's true. But in this case, when we look at the existing law, because we need to decide this case, I think the court — I should say the court needs to decide this case in the existing law. Chavez provides sufficient guidance, because Chavez — All right. So let me ask you the same question I asked your opponent, but — Sure. — from the opposite direction. Suppose it's 61 days. Save that 61 days. What do we do? 61 days. You look at Chavez. And what does Chavez say? The timeliness issue turns on whether or not the delay has been explained or is it justified. And that's on page 2. Well, but first there has to be a delay. And do we know that California would think 61 days is not reasonable just by itself? According to Chavez, the Supreme Court says that the benchmark in California is between 30 to 60 days. I'm sorry, but it didn't say that. It said something vaguer than that. Yes. It says, Your Honor, 30 to 60-day benchmark in California is a reasonable time. Right. It didn't say 61 days is not a — Yes. Well, in 61 days, I believe, Your Honor, reading Chavez, that the court really looks toward — You think we should read the 30 to 60-day benchmark as meaning anything more than 60 days is unreasonable unless explained. That's what we should hold. That's according to Chavez, Your Honor, on page 201. And in this case, Your Honor, the record demonstrate the delay even on appeal has not been explained. Turning to the merits, Your Honor, the court — this is a pre-Pinholster case. And since Pinholster, this court has actually narrowed the evidence that it may consider in deciding cases on appeal. Here, the State court's determination of insufficient jury misconduct was reasonable based on Supreme Court precedent, because although the juror looked up the — Could you please show me where Chavez says anything about a 30 to 60-day benchmark? The citation I have, Your Honor — This is what I read. Six months is far longer than the short periods of time, 30 to 60 days, that most States provide for filing an appeal to the State supreme court. It is far longer than the 10-day period California gives a losing party. We have found no authority, no founding convincing reason to believe that California would consider an unjustified or unexplained 6-month delay, filing delay, reasonable. That's all it says. It doesn't say anything about a 30 to 60-day benchmark. It's — I could provide the citation to the court. The page that you cited me to. Correct. The page that I cited to you, Your Honor, deals with whether or not the court needs to focus on, once there is a delay, whether or not they should focus on the explanation of that delay. And I think really that's the key of Chavez, because opposing counsel talks about far too long than the 30-60 delay. And the phrase far too long is really not the test, because the Supreme Court, when it used the language far too long, was deciding the facts of Chavez. They didn't have to decide whether or not anything less than 6 months was unreasonable. Correct. And it didn't say anything about a 60-day benchmark. I believe it does, Your Honor. And I'm sorry I can't cite it to the court right now, but I'm more than willing to provide it. And I think that's the key to the case, because the Supreme Court has — and that's the basis upon which the Supreme Court has said, California's rule is no different than any other State's rule that have a fixed determinate date. And this Court, unless the Court has any further question on that matter, on the merits, Your Honor, this Court has already ruled the determination of a State court to be reasonable when the State court itself has made a decision that the facts below had no prejudice. And that's what happened here. Unless the Court has any further question, we'd like to submit it. I don't think so. Thank you, Your Honor. Thank you. The matter will be submitted at this time. Thank you.
judges: Fernandez, Paez, Berzon